**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LOGAN S. KINNER,**

       **Plaintiff,**

                                           **CASE NO.: 8:26-cv-1080**

**v.**

**OFFICER LANGSTON WOODIE,**
**Individually;**
**CITY OF CLEARWATER,**

       **Defendants.**

                                  /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LOGAN S. KINNER, by and through the undersigned attorney, hereby files this complaint and demand for jury trial against Defendants, OFFICER LANGSTON WOODIE (WOODIE) and CITY OF CLEARWATER (CITY), and in support thereof alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, the Fourteenth Amendment to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and on the supplemental jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367 and Local Rule

1.02(b)(4).

3.      Venue is proper in this district because it is where the events complained of occurred.

4.      This is an action for damages which exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

5.      Plaintiff has filed a timely Notice of Claim with Defendant as well as the Department of Financial Services pursuant to Section 768.28, Florida Statutes, regarding Plaintiff's state tort claims against Defendants. Resolution attempts have failed.

6.      Defendant, CITY, has waived its sovereign immunity by virtue of Section 768.28, Florida Statutes.

7.      The incident that gives rise to this action occurred in Clearwater, Pinellas County, Florida.

## PARTIES

8.      At all times material to this action, Plaintiff, LOGAN S. KINNER, was a resident of New York.

9.      Defendant, WOODIE, was at all times relevant to this Complaint duly appointed and acting as a Police Officer with the Clearwater Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations,

policies, customs and usages of the State of Florida and/or the Clearwater Police Department. Defendant, WOODIE, is sued in his individual capacity.

10.    Defendant, CITY, is a municipality chartered through the State of Florida which, among its other functions, operates and maintains a law enforcement agency known as the Clearwater Police Department.  Defendant, CITY, receives federal funds.  Defendant, CITY, by and through its officials and employees is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City Of Clearwater and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.  Defendant, CITY, does not have immunity for violating the civil rights of citizens and has waived sovereign immunity for the negligent acts, omissions, or intentional torts of its employees arising out of and in the course and scope of their employment complained of herein pursuant to Florida Statutes, § 768.28.

11.    Each and all of the acts of the Defendants and other members of the Clearwater Police Department involved in this incident were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Florida, and the City Of Clearwater, under the color of law and by virtue of their authority as law enforcement officers for the Defendant, CITY. At all times, Defendants were

engaged in conduct that was the proximate cause of the violations of the decedent's federally protected rights and state law rights, as more particularized herein.

12. The incident which gives rise to this cause of action occurred within this jurisdiction and within the applicable statute of limitations and this Honorable Court has jurisdiction.

## STATEMENT OF FACTS

13. On April 15, 2022, Mr. Kinner was approached by two Clearwater Police Officers and asked to come to the police officers because of the alleged odor of marijuana. Mr. Kinner initially spoke with the Officers and then proceeded to flee the area.

14. Officer Woodie arrived on scene and located Mr. Kinner who was still fleeing.

15. As Mr. Kinner was running up a set of stairs, without providing any warning or commands, Officer Woodie deployed his TASER, striking Mr. Kinner in the head and back.

16. Mr. Kinner immediately became incapacitated and fell forward striking his head on the cement stairs. Mr. Kinner became unconscious as a result of the head injury.

17. Mr. Kinner was transported to Bayfront Medical Center where he was diagnosed with an open left facial fracture with comminuted and depressed fracture

involving the anterior wall of the left frontal sinus, left forehead hematoma and laceration and left preseptal soft tissue swelling.

18.    As a result of continued cognitive and emotional issues following the incident, Mr. Kinner was evaluated by Dr. Kirsten Dams-O'Connor, License Psychologist, and Dr. Jill Del Pozzo, Psychometrist and Postdoctoral Fellow, and was diagnosed with Unspecified focal traumatic brain injury with loss of consciousness of 30 minutes or less and Post-traumatic stress disorder.

**COUNT I**
**42 U.S.C. § 1983 – DEFENDANT WOODIE**
**EXCESSIVE FORCE**

19.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 18 above, and further alleges:

20.    Defendant, WOODIE, under color of law, did intentionally touch or strike Plaintiff when he tased Plaintiff.

21.    The level of force used was objectively unreasonable and constitutes a violation of Plaintiff's Fourth Amendment rights.

22.    Defendant, WOODIE's, use of excessive force was unnecessary because Plaintiff at most committed a nondangerous misdemeanor, posed no threat to any deputies at the time the force was used.

23.    It is clearly established that tasing a person who is at an elevated height may come with a substantial risk of serious bodily harm or death.

24.    Defendant, WOODIE, failed to adequately assess the scene and circumstances for the use of force and in doing so failed to act as a reasonable officer.

25.    Defendant, WOODIE's, use of force upon Plaintiff was an objectively unreasonable use of force given the totality of the circumstances. His use of force was disproportionate to any claimed need to use force.

26.    As a direct and proximate result of violating Plaintiff's rights, Plaintiff suffered damages including bodily injury and resulting pain and suffering, disfigurement, mental anguish, shock and fear of imminent violent harm, loss of capacity for the enjoyment of life, expense of medical treatment and therapy, loss of earnings, which losses are in whole or in part permanent and continuing in nature and plaintiff will suffer future damages as a result.

## COUNT II
## MUNICIPAL LIABILITY FOR FEDERAL CONSTITUTIONAL VIOALTION

27.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 26 above, and further alleges:

28.    Prior to this incident, it was clearly established that permitting officers to tase fleeing suspects who posed no risk of harm to officers or the public violated TASER guidelines and was objectively unreasonable under the Fourth Amendment.

29.   At the time of this incident, Defendant, CITY, had an official policy and custom of permitting officers to tase fleeing suspects who posed no risk of harm to the officers or the public.

30.   At the time of this incident, Defendant, CITY, did not train officers not to tase fleeing suspects who posed no risk of harm to the officers or the public.

31.   But for Defendant, CITY's, unreasonable and unconstitutional policy and custom—and/or the City's failure to train—Defendant, WOODIE, would not have tased Plaintiff, KINNER, while Plaintiff, KINNER, fled, causing Plaintiff, K's, injuries.

32.   Accordingly, Defendant, CITY, is liable for Plaintiff's injuries under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

33.   Prior to this incident, it was clearly established that permitting officers to tase suspects who were in precarious positions, such as running up stairs, violated TASER guidelines, was objectively unreasonable under the Fourth Amendment, and elevated a TASER strike from an intermediate use of force to a deadly use of force.

34.   At the time of this incident, Defendant, CITY, had an official policy and custom of permitting officers to tase suspects who were in precarious positions, such as running up stairs.

35.   But for Defendant, CITY's, unreasonable and unconstitutional

policy—and/or the City's failure to train—Defendant, WOODIE, would not have tased Plaintiff, KINNER, while Plaintiff, KINNER, was, causing Plaintiff KINNER's, injuries.

36. Accordingly, Defendant City is liable for Plaintiff's injuries under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## STATE LAW CLAIMS

## COUNT III
## BATTERY AGAINST DEFENDANT, CITY

37. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 18 above, and further alleges:

38. Defendant, WOODIE, used excessive force when he tased Plaintiff which is actionable against Defendant, CITY, in its employer capacity, pursuant to § 768.28, Fla. Stat. (2013).

39. The use of force by Defendant, WOODIE, was excessive and objectively unreasonable under the circumstances and resulted, as Defendant, WOODIE, should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

40. The battery/unnecessary force by Defendant, WOODIE, against Plaintiff occurred during the course and scope of his employment as a police officer for the Clearwater Police Department and without bad faith or malicious

purpose and not in a manner exhibiting wanton and willful disregard for human rights, safety and property.

41. The actions of Defendant, WOODIE, constituted nonconsensual touch or strike battery causing injury to Plaintiff in violation of Florida law.

42. As a direct and proximate result of the acts, omissions, and conduct of the Defendant, WOODIE, the Plaintiff suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical treatment and therapy, and lost wages. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future in violation of Plaintiff's rights.

## DAMAGES

43. Plaintiffs incorporate each and every previous allegation set forth in the general allegations as if fully set forth herein.

44. As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff's constitutional rights were violated, and he suffered injuries and damages. Plaintiff seeks recovery from the Defendants of all damages to which he may be entitled under federal law and state law for the injuries and damages Plaintiff sustained and which include, but are not limited to, the following:

a.    Physical Pain and Suffering of a past, present and future nature;

b.    Medical expenses for bodily injury and mental health conditions;

c.    Emotional Pain and Suffering of a past, present and future nature;

d.    Loss of Enjoyment of Life of a past, present and future nature;

e.    Loss of Employment;

f.    Lost Wages

g.    Punitive damages for Count I and II;

h.    Pre and Post-Judgment Interest for all 42 UCS § 1983 claims;

i.    Statutory and Discretionary Costs;

j.    Attorney's fees where permitted by 42 USC § 1988 or other statutes;

k.    All such further relief, both general and specific, to which he may be entitled under the premises.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

**MICHAEL P. MADDUX, P.A.**


*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar Number: 964212
Lead Trial Counsel for Plaintiff
Jennifer M. Szymczak, Esquire
Florida Bar Number: 85487
Co-Counsel for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail:
mmaddux@madduxattorneys.com
jszymczak@madduxattorneys.com
ctonski@madduxattorneys.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of April 2026, I electronically

filed the foregoing with the Clerk of Court by using the CM/ECF system.

**MICHAEL P. MADDUX, P.A.**


*s/ Michael P. Maddux*
Michael P. Maddux, Esquire

Page 11 of 11